## Blakely, et al. v. Wilson, et al.

(Decided March 1, 1921.)

### Motion to Dissolve Temporary Injunction Granted by the Warren Circuit Court.

1. Mines and Minerals—Grants and Reservations of Minerals.—When the language employed in a deed conveying land to one grantee and the mineral to another, indicates that the one is to take only the surface with improvements and timber and the other all the mineral, this will include the oil and gas.

2. Mines and Minerals—Enjoining Surface Owner.—The owner of the entire mineral estate may enjoin the surface owner from taking the oil and gas from the land.

SIMS, RODES & SIMS for plaintiffs.

BRADBURN & HARLIN for defendants.

OPINION OF THE COURT BY JUDGE SAMPSON—Overruling motion to dissolve injunction.

In 1906, Lewis Oberle and wife made a deed for a forty acre tract of land and mineral in Warren county to John Hudson and W. H. Blakely which, in so far as pertinent, reads as follows:

"This indenture made and entered into this the 18th day of September, 1906, by and between Louis Oberle and Carrie Oberle, his wife, of Jefferson county, Kentucky, parties of the first part and John Hudson and W. H. Blakely, of Warren county, state aforesaid, parties of the second part,

"Witnesseth, that for and in consideration of the sum of three hundred dollars, cash in hand, the receipt whereof is hereby acknowledged, that said first parties have this day bargained and sold, and do by these presents, bargain, sell and convey unto the parties of the second part, severally, all of their right and title to and interest in the following described parcel of land, of which there is conveyed the land and improvements, timber, etc., to John Hudson and to W. H. Blakely the mineral rights under and on said land, such as coal, iron, stone and other mineral, and the right to remove the same, including the removal of any soil necessary to mine same, said land lies in Warren county, Kentucky, and is about 4½ miles west of Bowling Green, and is bounded as follows, viz:  . . . .

"To have and to hold the said above described tract of land unto John Hudson, his heirs and assigns, and the mineral and stone rights on and under the same to W. H. Blakely, his heirs and assigns, with all and singular appurtenances thereunto belonging, forever, with covenant of general warranty."

Hudson conveyed his interest to defendant Rigglewood, in the same year, and Rigglewood leased the premises for oil and gas to defendant Wilson in 1919. About the time this litigation began in December, 1920, Wilson was threatening to move an oil well drilling machine upon the property to explore it for oil and gas under the lease aforesaid. To prevent this the heirs of Blakely, who is dead, instituted this action and obtained a temporary injunction restraining Wilson from so doing.

The motion by Wilson, before me, a judge of the Kentucky Court of Appeals, is to dissolve the injunction.

In as much as Oberle and wife by their deed divested themselves entirely of all interest in and claim to the forty acre tract of land and mineral it passed to the grantees named therein, Hudson and Blakely, the first taking the land and improvements, timber, etc., while the latter took "the mineral rights under and on the land, such as coal, iron, stone and other minerals, and the right to remove the same," in severance, not jointly.

Hudson took only what was granted him by the deed, no more. The grant to him is clearly of the surface soil, with improvements and timber, all of which relates wholly to the top of the ground and nothing thereunder, except such things as appertain to agriculture. The use of the words "improvements" and "timber" makes certain this intention.

Hudson was, therefore, granted only the surface with all improvements and timber. Blakely was granted the "mineral rights on and under the lands such as coal, iron, stone and other minerals." The grant to Blakely was broad enough to carry all minerals including oil and gas and no doubt this was the intention of the parties. But the grant to Hudson, read in the light of all the provisions of the deed, was not sufficiently broad to carry the minerals or any of them.

If Oberle had granted the minerals to Blakely by a separate instrument and later had conveyed the lands to Hudson, we would have a different case, which it is not necessary here to discuss.

Rigglewood, the grantee of Hudson, made the oil and gas lease to defendant, Wilson; therefore Wilson's rights in the minerals are no greater than were Hudson's. The peculiar facts of this case make it distinguishable from the cases of McKinney v. Central Ky. Natural Gas Co., 134 Ky. 239; Scott v. Laws, 185 Ky. 440; Hudson & Collins v. McGuire, 188 Ky. 712, and other similar cases. The rule there announced is adhered to.

The general demurrer to the petition was properly overruled while the demurrer to the answer was properly sustained.

Wherefore it follows that the temporary injunction was properly granted by the court below, and the motion made before me to dissolve the injunction is overruled.

Chief Justice Hurt, and Judges Settle and Clay sat with me in the consideration of this motion and concur in the conclusions reached.